IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROSHNI PATEL,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | Civil Action No. _____ |
| : | |
| **OM JANIE, LLC, d/b/a Skate and Play** : | |
| **Family Fun Center; NIRAL PATEL; and** : | Jury Trial Demanded |
| **JANKI PATEL,** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

Plaintiff Roshni Patel brings this action against Defendants Om Janie, LLC d/b/a Skate and Play Family Fun Center, Niral Patel, and Janki Patel, showing the Court as follows:

**Introduction**

1. This is a wage and hour case for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act (FLSA). In the alternative, Plaintiff brings a claim for minimum wages under Georgia state law (O.C.G.A. § 34-4-3).

2. Plaintiff Roshni Patel worked for Defendants managing their business for ***more than half a year with no pay whatsoever***, while Defendants held hostage an $85,000 deposit that Plaintiff had paid them to purchase a home for her to live in, as more fully described below.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331,

1

because this case arises under the FLSA, a federal statute that affects interstate commerce.

4. Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Defendant's business is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

5. Plaintiff Patel is a natural person residing in Lowndes County, Georgia.

6. Defendant Om Janie, LLC, is a domestic limited liability company with its principal office address at 3126 North Oak St. Ext., Valdosta, GA, 31602.

7. Om Janie, LLC, is subject to the personal jurisdiction of this Court.

8. Om Janie, LLC, may be served with process through its registered agent, Niral Patel, at 3126 North Oak St. Ext., Valdosta, GA, 31602.

9. Defendant Niral Patel is a resident of Lowndes County, Georgia.

10. Niral Patel is subject to the personal jurisdiction of this Court.

11. Niral Patel can be served with process at his residence located in Lowndes County, Georgia, or wherever he may be located.

12. Defendant Janki Patel is a resident of Lowndes County, Georgia.

13. Janki Patel is subject to the personal jurisdiction of this Court.

14. Janki Patel can be served with process at her residence in Lowndes County, Georgia, or wherever she may be located.

**FLSA Enterprise Coverage**

15. During 2021, Om Janie, LLC, had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16. During 2022, Om Janie, LLC, had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17. During 2021, Om Janie, LLC, had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. During 2022, Om Janie, LLC, had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. During 2021, Om Janie, LLC, was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

20. During 2022, Om Janie, LLC, was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**Employment Relationship**

21. Defendant Om Janie, LLC, owns and operates Skate and Play Family Fun Center, a skating rink and entertainment center offering roller skating, arcade games, and laser tag facilities located in Valdosta, Georgia.

22. Plaintiff worked for Om Janie, LLC, as a manager from February 4, 2022, through August 18, 2022.

23. At all relevant times, Plaintiff was an "employee" of Om Janie, LLC, within the meaning of 29 U.S.C. § 203(e)(1) as a matter of economic reality.

24. At all relevant times, Defendant Niral Patel was a member of Om Janie, LLC.

25. At all relevant times, Defendant Niral Patel was involved in the day-to-day operation of Skate and Play Family Fun Center.

26. At all relevant times, Om Janie, LLC vested Niral Patel with supervisory authority over Plaintiff and other employees of Om Janie, LLC.

27. At all relevant times, Niral Patel exercised operational control of Skate and Play Family Fun Center.

28. At all relevant times, Niral Patel exercised supervisory authority over Plaintiff's work activities.

29. At all relevant times, Niral Patel exercised authority and supervision over the terms of Plaintiff's compensation.

30. At all relevant times, Niral Patel was an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

31. At all relevant times, Defendant Janki Patel was involved in the day-to-day operation of Skate and Play Family Fun Center.

32. At all relevant times, Om Janie, LLC vested Janki Patel with supervisory authority over Plaintiff and other employees Om Janie, LLC.

33. At all relevant times, Janki Patel exercised operational control of Skate and Play Family Fun Center.

34. At all relevant times, Janki Patel exercised supervisory authority over Plaintiff's work activities.

35. At all relevant times, Janki Patel exercised authority and supervision over the terms of Plaintiff's compensation.

36. At all relevant times, Janki Patel was an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

**FLSA and Georgia Minimum Wage Violation Violation**

37. Defendants hired Plaintiff to work at Skate and Play Family Fun Center as a manager, promising her a $5,000 per month salary.

38. Prior to being hired, Plaintiff lived in Minnesota.

39. Defendants agreed to purchase a home for Plaintiff and her family to live in in Valdosta.

40. Plaintiff paid Defendants $85,000 to use as a down payment on a home with the agreement that Plaintiff would reimburse Defendant for the mortgage payments until such time as she could acquire financing and take over the mortgage.

41. After arriving in Valdosta, Plaintiff began working as the manager of Skate and Play Family Fun Center on February 4, 2022.

42. Plaintiff regularly worked in excess of 60 hours per week at Skate and Play Family Fun Center.

43. For several months, Plaintiff worked 7 days per week, and after several months she was permitted to take one day off per week.

44. Plaintiff continued to work at Skate and Play Family Fun Center until August 18, 2022.

45. From February 4, 2022, until August 18, 2022, Plaintiff received **no wages whatsoever** from Defendants.

46. Even after the end of her employment until the filing of this Complaint, Plaintiff has received no wages from Defendants.

47. Defendants regularly violate federal and state labor laws with impunity.

48. Defendants regularly hire undocumented workers to work at Skate and Play Family Fun Center and pay them sub-minimum wages in cash, under the table.

49. Defendants are predators who prey on immigrants for their own enrichment.

50. At all relevant times, Defendants have acted willfully and in bad faith in violating the minimum wage and maximum hour provisions of the Fair Labor Standards Act.

51. At all relevant times, Defendants have acted willfully and in bad faith in violating Georgia's statutory minimum wage provisions.

**Count I — Failure to Pay FLSA Minimum Wages**

52. At all times material hereto, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

53. Throughout her entire employment, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

54. From on or about February 4, 2022, through August 18, 2022, Defendants willfully failed to compensate Plaintiff at an hourly rate at or above the federal minimum wage.

55. Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

56. As a result of the failure to pay minimum wages as alleged above, Plaintiff is entitled to liquidated in an amount equal to her unpaid minimum wages in accordance with 29 U.S.C. § 216(b).

57. As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees in accordance with 29 U.S.C. § 216(b).

**Count II — Failure to Pay Overtime Premiums**

58. At all relevant times, Plaintiff as an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

59. During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

60. Defendants failed to pay Plaintiff an overtime premium of one-half her regular hourly rate for work in excess of forty (40) hours in each week from February 4, 2022, through August 18, 2022.

61. Defendants willfully failed to pay Plaintiff an overtime premium of one-half her regular hourly rate for work in excess of forty (40) hours in each week from February 4, 2022, through August 18, 2022.

62. Plaintiff is entitled to payment of overtime premiums in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

63. Plaintiff is entitled to liquidated damages in an amount equal to her unpaid overtime premiums in accordance with 29 U.S.C. § 216(b).

64. As a result of the failure to pay overtime premiums as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees in accordance with 29 U.S.C. § 216(b).

**Count III (alternative) — Failure to Pay Georgia Minimum Wages (O.C.G.A. 34-4-3)**

65. At all relevant times, Plaintiff was a "covered employee" of Defendants within the meaning of O.C.G.A. § 34-4-3.

66. At all relevant times, Plaintiff was entitled to the minimum wage protections set forth in O.C.G.A. § 34-4-3.

67. From February 4, 2022, through August 18, 2022, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the Georgia minimum wage of $5.15 per hour in accordance with O.C.G.A. § 34-4-3.

68. Pursuant to O.C.G.A. § 34-4-6, Plaintiff is entitled to recover unpaid Georgia minimum wages from Defendants in an amount to be determined at trial.

69. Plaintiff is entitled to recover liquidated damages in amount equal to her unpaid Georgia minimum wages, pursuant to O.C.G.A. § 34-4-6.

70. Plaintiff is entitled to recover her litigation costs, including his reasonable attorney's fees, pursuant to O.C.G.A. § 34-4-6.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded amounts to be determined at trial against Defendants in unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime premiums due under the FLSA, plus an additional like amount in liquidated damages;

4. In the alternative, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wages under Georgia law, plus an additional like amount in liquidated damages;

5. To the extent that liquidated damages are not awarded, that Plaintiff be awarded prejudgment interest;

6. In the alternative, that Plaintiff be awarded nominal damages;

7. That Plaintiff be awarded costs of litigation, including her reasonable attorney's fees, from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
|  | *s/ Matthew W. Herrington* |
| 101 Marietta Street | Matthew W. Herrington |
| Suite 2650 | Georgia Bar No. 275411 |
| Atlanta, Georgia 30303 | matthew.herrington@dcbflegal.com |
| (404) 979-3150 |  |
| (404) 979-3170 (f) |  |
|  | **WOOLF LAW FIRM** |
|  | *s/ S. Wesley Woolf* |
| 408 East Bay Street | S. Wesley Woolf |
| Savannah, Georgia 31401 | Georgia Bar No. 776175 |
| T: (912) 201-3696 | woolf@woolflawfirm.net |
| F: (912) 236-1884 |  |
|  | Counsel for Plaintiff |