IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROSHNI PATEL,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**OM JANIE, LLC, d/b/a SKATE AND PLAY FAMILY FUN CENTER; NIRAL PATEL, and JANKI PATEL,**<br><br>**Defendants.** | Civil Action No. 7:22-CV-00118-WLS |

### MOTION TO DISMISS AMENDED COUNTERCLAIMS

Plaintiff Roshni Patel, by and through the undersigned counsel, hereby files this Motion to Dismiss the Amended Counterclaims of Defendants OM Janie, LLC, d/b/a Skate and Play Family Fun Center; Niral Patel; and Janki Patel pursuant to Fed. R. Civ. P. 12(b)(1), showing the Court as follows:

**I.    PRELIMINARY STATEMENT**

Presumably unable to respond to the arguments made by Plaintiff in her Motion to Dismiss [Dkt. 10] regarding this Court's lack of subject matter jurisdiction over Defendants' counterclaims, Defendants have filed a last-minute Amended Answer and Counterclaims. [Dkt. 13] The filing amends only Defendant's counterclaims, adding new paragraphs 29–32, 76.b., and 88. Whether or not Plaintiff's Motion to Dismiss [Dkt. 10] is mooted by the amendment, Plaintiff files this Motion to Dismiss the Amended Counterclaims, on almost entirely the same grounds.

In their Amended Counterclaims, Defendants attempt to manufacture a factual nexus between Plaintiff's FLSA claims and their state-law claims to overcome Plaintiff's arguments regarding supplemental jurisdiction. In short, Defendants add a few threadbare allegations "on information

and belief" that Plaintiff misreported her hours worked and calling that part of her "fraud" on Defendants. It's a creative approach, but still fails because Defendants never paid Plaintiff a penny for her work for over half a year and thus can show no damages resulting from this newly alleged "fraud." These new allegations, while factually related to Plaintiff's FLSA claims, are *not material to the relief sought by Defendants* in their counterclaims.

## II.   BACKGROUND

This is an FLSA minimum wage and overtime action brought by Plaintiff against her former employers. In short, Plaintiff alleges that she worked for Defendants from February 4 through August 18, 2022, often more than 40 hours per week, and that she received no wages whatsoever during her entire employment. Defendants freely admit that they never paid her a penny. Dkt. 8, ¶ 45–46.

In their Amended Answer, Defendants bring eight counterclaims against Plaintiff alleging (1) Breach of Contract for unpaid rents, (2) Breach of Contract for failure to maintain and repair her rental property, (3) Unjust Enrichment or Quantum Meruit in connection with her unpaid rents, (4) Fraud in connection with an alleged theft of an unspecified amount of cash, (5) Money Had and Received or Unjust Enrichment in connection with the same alleged theft, (6) Breach of Fiduciary Duty in connection with the same alleged theft, (7) Punitive Damages, and (8) Attorney's Fees. Dkt. 13, pp. 10–22.

Defendants' counterclaims all relate to two basic allegations: (1) Plaintiff did not comply with the requirements of a lease agreement, and (2) Plaintiff stole an unspecified amount money starting sometime in June 2022. Dkt. 13, pp. 10–15. Neither of these factual scenarios have a meaningful factual or legal connection with Plaintiff's minimum wage and overtime claims and for this reason Defendants' counterclaims must be dismissed. This is true even after Defendant inserted into their

Amended Counterclaims a few threadbare allegations about Plaintiff misreporting her hours worked.

### III. ARGUMENT AND CITATIONS OF AUTHORITY

Defendants' state-law counterclaims should be dismissed for two separate but related reasons. First, the Court lacks supplemental jurisdiction over the counterclaims. Second, the counterclaims are unrelated to Plaintiff's FLSA claims and thus violate the *Brennan* rule, meaning that even if the counterclaims survive constitutional scrutiny, the Court should dismiss them nonetheless.

#### A. This Court Lacks Supplemental Jurisdiction over Defendants' Counterclaims

The constitutional grant of judicial power over cases and controversies set forth in Article III, § 2 is not self-executing, and a federal district court may exercise only the jurisdiction Congress has prescribed. *Sheldon v. Sill*, 49 U.S. 441 (1850) ("Courts created by statute can have no jurisdiction but such as the statute confers."). This District Court's jurisdiction over state-law claims such as those of the Defendants here thus exist only to the extent authorized by the relevant statutory authority, which is 28 U.S.C. § 1367 (authorizing supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). 28 U.S.C. § 1367(a); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006) (citations omitted). The constitutional "case or controversy" standard, in turn, confers jurisdiction over all claims that arise out of a common nucleus of operative facts with the federal claim. *Id.* at 743; *see also Milan Exp., Inc. v. Averitt Exp., Inc.*, 208 F.3d 975, 980 (11th Cir. 2000).

In this case, Defendants' eight state-law counterclaims do not arise out a common nucleus of operative fact with Plaintiffs' FLSA minimum wage and overtime claims. Plaintiff's FLSA action alleges that Defendants failed to pay her minimum and overtime compensation. Defendants' counterclaims allege that Plaintiff violated a residential real estate agreement, stole cash from

Defendants, and manipulated financial records. While Plaintiff's claims involve proof of hours worked and amounts of minimum and overtime wages unpaid, Defendants' counterclaims involve proof of theft and violations of a rental agreement. These sets of claims will involve distinct sets of facts, evidence, and witnesses, which have no common nucleus. Defendants' counterclaims do not depend in any way on determining the number of hours Plaintiff worked. Moreover, the mere "temporal proximity [of the alleged act of theft] is not sufficient to meet the 'common nucleus of operative fact' test." *Cruz v. Winter Garden Realty, LLC*, 2012 U.S. Dist. LEXIS 176734, 2012 WL 6212909, at *5 (M.D. Fla. Nov. 27, 2012). Similarly, the presence of a general employer-employee relationship alone is "too attenuated" of a nexus for a federal district court to exercise supplemental jurisdiction. *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 U.S. Dist. LEXIS 113015, at *5 (S.D. Fla. Dec. 3, 2009); *Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV-MARRA, 2008 U.S. Dist. LEXIS 43544, at *6 (S.D. Fla. June 2, 2008).

Admittedly, in their Amended Counterclaims, Defendants have—at the last minute—included some new factual allegations relating to Plaintiff purportedly misreporting her hours worked, thus creating a superficial factual connection with Plaintiff's FLSA claims. Those new factual allegations are as follows:

> 29. During Counter-Defendant's employment with Skate and Play, Counter-Defendant routinely failed to clock in or out when she was working at Skate and Play to show the days and hours she was working.
>
> 30. Rather than use the system available at Skate and Play to clock in or out, Counter-Defendant provided Skate and Play with handwritten notes stating her days and hours worked with no proof.
>
> 31. Upon information and belief, Counter-Defendant misrepresented her days and hours works when she provided that information to Skate and Play.
>
> 32. Upon information and belief, Counter-Defendant represented to Skate and Play that she worked days and hours that she did not in fact work.
>
> . . .

>    76.   Counter-Defendant made false representations to Niral Patel and Skate and Play with scienter and knowledge of the falsity of these representations; these false representations include the following:
>
>    …
>
>    b.    Counter-Defendant falsely misrepresented the days and hours she worked at Skate and Play;
>
>    …
>
>    78.   Niral Patel and Skate and Play justifiably relied upon its trust and the false representations and omissions of facts by Counter-Defendant that proximately caused damage to Niral Patel and Skate and Play in an amount to be proven at trial.

Dkt. 13, pp. 14, 19–20. Nowhere in the Amended Counterclaims do Defendants attempt to explain how they were harmed by Ms. Patel misreporting her hours worked. And because *they never paid her for a single hour of her work*, it is difficult to imagine how any misrecorded hours could possibly have resulted in any harm to Defendants.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Insight Technology v. FreightCheck*, 633 S.E.2d 373, 380 (2006) (citation and punctuation omitted.). Under Fed. R. Civ. P. 9(b), fraud must be plead with particularity. Under some circumstances, allegations of fraud "on information and belief" can satisfy Rule 9(b), but only when accompanied by sufficient allegations of fact to support the belief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal citations omitted). This includes facts relating to "what the defendants obtained as a consequence of the fraud." *Id.*

Putting aside the fact that Defendants' fraud counterclaim lacks the specificity required by Rule 9(b), it also clearly fails to show how Plaintiff's purported misrepresentations regarding her hours worked could possibly have resulted in any harm to Defendants. For that reason alone, the Court should disregard those allegations and treat those last-minute factual additions as the

surplusage that they are. Defendants cannot manufacture supplemental jurisdiction out of thin air by adding immaterial allegations to their fraud counterclaim that have no apparent connection to the alleged injury Defendants claim to have suffered.[1]

Because no common nuclear of operative fact exists between Plaintiff's FLSA claims and Defendants' state-law counterclaims, and thus the counterclaims do not arise out of the same case and controversy that provides this Court's original jurisdictional authority, this Court lacks any independent basis to exercise jurisdiction and the counterclaims should be dismissed.

**B.     Defendants' Counterclaims Violate the *Brennan* Rule**

Even if the Court did not lack the discretion to exercise supplemental jurisdiction over the counterclaims, it would still be inappropriate to exercise its discretion to permit them because counterclaims in FLSA minimum wage and overtime actions are highly disfavored and, except in very limited circumstances, are not permitted in federal actions:

> The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .

---

[1] Defendants are of course free to argue that Plaintiff's reported hours worked are incorrect and that any minimum wage and overtime calculations based on such are incorrect. But that factual dispute has no connection to the injury Defendants claim they suffered as a result of fraud.

*Brennan v. Heard*, 491 F.2d 1, 3-4 (5th Cir. 1974); *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (an employer could not set-off its employee's FLSA recovery through a counterclaim because that would delay and interfere with the process of bringing the employer into compliance with the FLSA's overtime requirements); *Marshall v. Wallace Oil Co.*, No. C80-451A., 1980 U.S. Dist. LEXIS 14549, at *3–6 (N.D. Ga. Sep. 19, 1980) (disallowing a counterclaim for recoupment in an FLSA action); *Phillips v. Trans Health Mgmt.*, No. H-04-0458, 2004 U.S. Dist. LEXIS 30945, at *8–9 (S.D. Tex. July 15, 2004) (disallowing an employer's counterclaim for repayment of advances). The so-called "*Brennan* Rule" has been summarized by a Florida district court as follows:

> B. The Brennan Rule
>
> The Eleventh Circuit is "hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases." *See Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016); see also *Leite v. Tremron, Inc.*, No. 12-22118-CIV-MORENO, 2012 U.S. Dist. LEXIS 130504, 2012 WL 4049962, at *2 (S.D. Fla. Sept. 13, 2012) ("In cases where a FLSA claim serves as the underlying basis for original jurisdiction, this Court has generally been reluctant to find that additional state law contract or tort claims form part of the same 'case or controversy' as the federal claim."). "Accordingly, the Court has limited its exercise of supplemental jurisdiction in this context to instances where the state law counterclaims in some way encompass elements of the plaintiff's original FLSA claim." *Leite*, 2012 U.S. Dist. LEXIS 130504, 2012 WL 4049962, at *2. Indeed, the courts of this circuit are "general[ly] reluctan[t] to exercise supplemental jurisdiction over counterclaims in FLSA cases which are premised on agreements that do not implicate the number of hours worked or payment received." *See Bautista*, 2016 U.S. Dist. LEXIS 33232, 2016 WL 1028358, at *2 (citing other cases declining jurisdiction).

*Perez v. Elite Imaging, LLC,* 2017 U.S. Dist. LEXIS 23226 (S.D. Fla. 2017).

Taking all of their allegations as true for purposes of this motion, Defendants' counterclaims resemble the type of claims presented in *Heard* and *Marshall* that this Court has previously deemed inappropriate in an FLSA action. The relevant evidence will differ substantially between the

federal and state law claims presented here. While Plaintiff will offer proof of the number of overtime hours worked and amount of unpaid overtime wages owed, Defendants will submit evidence of Plaintiff's alleged theft, miscalculation of business revenues, damage to her rental home, the enforceability and terms of her lease, and the value of any unpaid rents. The only connection these counterclaims appear to have with Plaintiffs' FLSA claim is the fact that the underlying facts are alleged to have occurred during the time of the Parties' employment relationship.

This constellation of facts creates a scenario on all fours with that in *Dierdorf v. Advanced Motion Therapeutic Massage*, No. 19-CIV-62609-RAR, 2020 U.S. Dist. LEXIS 261279 (S.D. Fla. Apr. 20, 2020). There, the Defendants attempted to counterclaim against an FLSA plaintiff for state law conversion, breach of contract, and breach of the duty of loyalty for an alleged theft of records. *Id.* at *1–2. The Defendants argued that the claims were "logically related," but the district court thought otherwise:

> "[w]hile Plaintiff's claim involves proof of overtime hours worked and unpaid wages owed, Defendants' counterclaim involves proof of theft and converted property." . . . Defendants fail to show *how* Plaintiff's alleged conversion of documents relates to the amount of money that is owed to him for hours worked. . . . While the claims may involve similar witnesses, they necessarily involve a distinct set of facts and evidence which relate very little to each other.

*Id.* at *4–6 (quoting and relying on *Molnoski v. Batmasian*, 246 F. Supp. 3d 1336, 1339 (S.D. Fla. 2017) (finding state law conversion claim was not compulsory counterclaim to FLSA claim)). On that basis, the *Dierdorf* court found that the proposed counterclaims did not arise from a "common nucleus of operative fact" with the plaintiff's FLSA claim and did not permit the proposed counterclaims. *Id.* at *6. Other cases from this Circuit are in accord with *Dierdorf*. *See Perez v. Elite Imaging*, 2017 U.S. Dist. LEXIS 23226, 2017 WL 666108, at *3 (counterclaims for computer

fraud, conversion, and breach of duty of loyalty relating to employee theft of computer files were not compulsory and violated *Brennan* rule); *Perez v. South Florida Landscape Maintenance, Inc.*, No. 13-80620-CIV, 2014 U.S. Dist. LEXIS 9549, 2014 WL 293774, at *2 (S.D. Fla. Jan. 23, 2014) (counterclaims for breach of contract and conversion of employer property were compulsory and violated *Brennan* rule); *Yeseren v. Cksingh Corp.*, No. 2:10-cv-253-FtM-29DNF, 2010 U.S. Dist. LEXIS 112122, 2010 WL 4023524, at *4 (M.D. Fla. Oct. 13, 2010) (counterclaims for alleged theft of cash and conversion of employer property were not compulsory, had no "common nucleus of operative facts" to FLSA overtime claim, and were not permitted).

Furthermore, should Defendants be permitted to assert their counterclaims in this action, Plaintiff will have no choice but to assert additional compulsory counterclaims of defamation, breach of contract for unpaid wages, conversion, and fraud, not to mention claims for FLSA retaliation on the basis of Defendant's' utterly frivolous counterclaims.[2] In other words, this litigation would be a complete mess and utter chaos, with very little of it relating to federal law. Such a mess is not warranted and the court should decline to exercise jurisdiction here.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff Patel respectfully requests that the Court dismiss Defendants' counterclaims without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

---

[2] *See Viera v. Gen. Auto. Ins. Servs. & Permanent Assurance Corp.*, No. 3:19-cv-00901, 2021 U.S. Dist. LEXIS 21424, at *14 (M.D. Tenn. Feb. 4, 2021) ("the Court agrees with the significant weight of authority holding that a counterclaim filed in ongoing litigation can serve as an adverse action to support a retaliation claim.") (collecting cases); *see also Obester v. Lucas Assocs., Inc.*, 2009 U.S. Dist. LEXIS 136129, 2009 WL 10665749, at *3–4 (N.D. Ga. June 5, 2009); *Williams v. Smith, White, Sharma & Halpern, P.A.*, 2009 U.S. Dist. LEXIS 140140, 2009 WL 10669537, at *2–3 (N.D. Ga. May 20, 2009).

This 5th day of January 2023,

                                                  Respectfully submitted,

                                                  **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                                                  *s/ Matthew W. Herrington*

101 Marietta Street NW                    Matthew W. Herrington
Suite 2650                                      Ga. Bar No. 275411
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
matthew.herrington@dcbflegal.com

                                                  **WOOLF LAW FIRM**

                                                  S. Wesley Woolf
408 East Bay Street                          Georgia Bar No. 776175
Savannah, Georgia 31401               woolf@woolflawfirm.net
T: (912) 201-3696
F: (912) 236-1884

                                                  Counsel for Plaintiff