IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROSHNI PATEL, | : |
| Plaintiff, | : |
| v. | : CASE NO: 7:22-CV-118 (WLS) |
| OM JANIE, LLC, d/b/a SKATE and PLAY FAMILY FUN CENTER, NIRAL PATEL, and JANKI PATEL, | : |
| Defendants. | : |

## ORDER

Before the Court is the Parties' Joint Motion to Approve FLSA Settlement Agreement (Doc. 28). Therein, both Parties move the Court to (1) approve their negotiated settlement agreement, (2) dismiss the action with prejudice for all claims except for Plaintiffs' claims for attorneys' fees under the FLSA. (Doc. 28). For the reasons discussed below, the Parties Joint Motin to Approve FLSA Settlement Agreement (Doc. 28), is **GRANTED**.

I. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On October 31, 2022, Plaintiff Roshni Patel ("Plaintiff") filed a Complaint to commence the above-styled action. (Doc. 1). Therein, Plaintiff alleges that Defendants failed to pay her at an hourly rate at or above minimum wage and failed to pay Plaintiff overtime premiums as required by the Fair Labor Standards Act ("FLSA") in violation of 29 U.S.C. §§ 206(a) & 207(a); or, in the alternative, failed to pay Plaintiff at an hourly rate at or above minimum wage as required by O.C.G.A § 34-4-3. (Doc. 1, ¶¶ 52-70). In particular, Plaintiff alleges that Defendants employed her as a manager at the Skate and Play Family Fun Center in Valdosta, Georgia between February 4, 2022, and August 18, 2022. (Doc. 1, ¶¶ 21-22). During this time, Plaintiff alleges she worked in excess of sixty (60) hours per week and received no wages from Defendants. (Doc. 1, ¶¶ 42-45). Defendants do not dispute that failure to pay Plaintiff violated the FLSA, but dispute, *inter alia*, (1) which Defendant employed

1

Plaintiff, (2) that Plaintiff was hired to work as a manager, (3) that Plaintiff worked the number of hours she alleges in her claim, and (4) that their violations of the FLSA were willful. (Doc. 28, at 2). On July 18, 2023, the Parties filed the instant Motion to Approve Settlement Agreement (Doc. 28).

## II.    LAW AND ANALYSIS

FLSA was enacted to protect workers from substandard wages and oppressive work hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). When an employee brings a private action for back wages under FLSA and a settlement is reached, a district court can approve that settlement only after scrutinizing the settlement for fairness. *Id.* at 1353. After reviewing a proposed settlement agreement including a FLSA claim, courts are encouraged to approve if the settlement agreement promotes the court's general policy of encouraging the settlement of litigation. *Id.* at 1354.

To determine whether or not a settlement is fair, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the probability of Plaintiff's success; (5) scope of possible recovery; and (6) opinions of counsel. *Leverso v. SouthTrust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1530-31 n. 6 (11th Cir. 1994).

Here, the Court finds there is no suggestion or fraud or collusion as both Parties have appeared to act in good faith throughout the proceedings. Plaintiff, who is represented by counsel, estimates she would be entitled to recover up to $29,273.25, not including attorneys' fees. (Doc. 28, at 5 n. 2). This calculation included backpay of $14,636.63, and an equal amount of liquidated damages. (*Id.*) The settlement agreement would award Plaintiff $27,000.00. (Doc. 28-1, at 2). Plaintiff, therefore, would receive nearly 92% of her own estimate of recovery under the settlement agreement. Accordingly, the Court finds that the settlement agreement reflects a reasonable compromise over issues that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' Joint Motion to Approve FLSA Settlement Agreement (Doc. 28). The Parties' settlement is hereby **APPROVED**. Accordingly, the Court **ORDERS** that all substantive claims in Plaintiff's Complaint (Doc. 1), except for Plaintiffs' claims for attorneys' fees under 29 U.S.C. § 216(b), be **DISMISSED WITH PREJUDICE**, upon notice of payment of the settlement amount. Plaintiff is hereby **ORDERED** to file a petition to the Court for an award of attorneys' fees pursuant to 29 U.S.C §216(b) no later than **fourteen (14) days after the entry of this Order.**

**SO ORDERED**, this 17th day of October 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**