IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROSHNI PATEL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO: 7:22-CV-118 (WLS) |
| | : |
| OM JANIE, LLC, d/b/a SKATE and PLAY FAMILY FUN CENTER, NIRAL PATEL, and JANKI PATEL, | : |
| | : |
| Defendants. | : |

## **ORDER**

Before the Court is Plaintiff Roshni Patel's ("Plaintiff") Motion for Attorneys' Fees (Doc. 33). Therein, Plaintiff asks the Court to award her attorneys' fees and costs of litigation of $53,741.75, plus post-judgment interest at the prevailing rate. (Doc. 33). For the reasons discussed below, Plaintiff's Motion for Attorneys' Fees (Doc. 33) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced the above-captioned action on October 31, 2022, alleging violations of the Fair Labor Standards Act ("FLSA"). On August 18, 2023, the Parties filed a Motion to Approve Settlement Agreement (Doc. 28), asking the Court to approve a settlement of $27,000 to be paid to Plaintiff, along with reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b). The Court approved the settlement agreement and ordered Plaintiff to file her Motion for Attorneys' Fees. (Doc. 29). Plaintiff filed her Motion for Attorneys' Fees (Doc. 33) on November 10, 2023. Defendants filed their Response (Doc. 36) on December 8, 2023, and Plaintiff filed a Reply (Doc. 3) on December 22, 2023. All parties have, therefore, submitted their respective briefs and Plaintiff's Motion for Attorneys' Fees is ripe for ruling.

Plaintiff asks the Court to award fees and expenses of **$53,741.75**. The following chart summarizes the attorney fee breakdown requested by Plaintiff:

1

| Name | Title | Market | Hourly Rate | Hours | Total |
|---|---|---|---|---|---|
| Charles R. Bridgers | Managing Member | Atlanta, Ga | $435 | 11.45 | $4,982.08 |
| Matthew Herrington | Senior Associate | Atlanta, Ga | $390 | 88.96 | $34,694.40 |
| Jessica Sorrenti | Senior Paralegal | Atlanta, Ga | $170 | 6.91 | $1,175.84 |
| S. Wesley Woolf | Solo Practitioner | Savannah, Ga | $350 | 31 | $10,850 |
| | | | | | $51,702.32 |

(Doc. 33-1 at 5, 36); (Doc. 33-2 at 4, 12).

Plaintiff also asks the Court to award **$2,039.43** in litigation expenses. (Doc 33-1 at 4, 34) (Doc. 33-2 at 4 ,12). In support of her request for fees and expenses, Plaintiff attaches to her Motion detailed time records from each law firm involved as well as affidavits from the attorneys' requesting fees. (Docs. 33-1, 33-2 & 33-3).

## II.   LAW AND ANALYSIS

As a general matter, prevailing litigants are not entitled to collect attorneys' fees or litigation costs from an opposing party—dubbed the "American Rule." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). Under the FLSA, however, a prevailing plaintiff is entitled to reasonable attorneys' fees and litigation costs from the defendant. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985); 29 U.S.C. § 216(b). The parties do not dispute that Plaintiff is a prevailing plaintiff within the meaning of the FLSA. (Docs. 33 & 36).  Accordingly, the Court finds that Plaintiff is entitled to reasonable attorneys' fees and litigation costs. The Court, therefore, turns to the question of whether Plaintiff's requested attorneys' fees are reasonable. In determining the appropriate amount of an award for attorneys' fees, the Court must calculate the "Lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson͵* 465 U.S. 886, 888 (1984)).

### A.   Reasonable Hourly Rate

A reasonable hourly rate is "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998)). Generally, the relevant market, for purposes of determining the reasonable hourly

2

rate, is where the case is filed, *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994), but if no such market exists where the case is filed, a prevailing party may be entitled to recover non-local rates. *Barnes*, 168 F.3d at 437. To receive non-local rates, however, Plaintiff bears the burden to show "a lack of attorneys practicing in that place who are willing and able to handle [her] claims." *Id.*

### a. Attorney Reasonable Hourly Rate

Plaintiff argues that her counsel should be compensated at non-local rates because there is no local market for FLSA attorneys in the Valdosta Division. (Doc. 33 at 4). With this, the Court agrees. Plaintiff presents a list of FLSA cases filed in the Valdosta Division since 2018 and the locations of the counsel representing Plaintiffs in those cases, none of whom practice in or near the Valdosta Division. (Doc. 33-3). And the Court's independent review of the filings in the Valdosta Division reveal that the last FLSA case in which a plaintiff was represented by a local attorney was filed in 2012. *See Jones v. Goldco LLC*, No. 7:12-CV-124-HL (M.D. Ga. Sep. 12, 2012). Critically, Defendant has failed to present any argument or evidence which suggests that there is, in fact, a market for FLSA attorneys in the Valdosta Division. (*See* Doc. 36). As a result, the Court finds that Plaintiff has met her burden to show that the Valdosta Division lacks attorneys who are willing and able to handle her FLSA claim, and, therefore, the Valdosta Division is not the relevant market for determining a reasonable hourly rate.

Although it is somewhat unclear from Plaintiff's filings, it appears that she contends that the relevant legal market is Atlanta or an out-of-state market. (*See* Doc. 38 at 3). As a result, Plaintiff requests that her Atlanta counsel be compensated at their Atlanta hourly rates: $435 for Charles R. Bridgers and $390 for Matthew W. Herrington. (Doc. 33-1 at 5). Mr. Bridgers is a managing member of the law firm DeLong, Caldwell, Bridgers, Fitzpatrick, and Benjamin, LLC, who has been practicing employment law for approximately 28 years and has handled approximately 380 matters which were FLSA-related. (Doc. 33-1 at 2). Mr. Herrington is a senior associate at De Long, Caldwell, Bridgers, Fitzpatrick and Benjamin, LLC, who has been practicing employment law for approximately 11 years and has represented more than 200 clients in FLSA individual and collective actions. (Doc. 33-3 at 1–2).

3

The relevant legal market, however, is merely one where competent counsel can be obtained. *Brooks v. Ga. State. Bd. of Elections*, 997 F.2d 857, 869 (11th Cir. 1993). In this context, competent counsel is an attorney with reasonable expertise in the subject matter of the litigation, not necessarily an attorney with the most expertise in that particular area regardless of cost. *Barnes*, 168 F.3d at 437 (citing *Cullens*, 29 F.3d at 1494). Based on their documented training and experience, the Court has no doubt that Mr. Bridgers and Mr. Herrington bring a wealth of expertise to litigating FLSA cases. However, the Court is unpersuaded that Atlanta attorneys, charging Atlanta rates, are the only attorneys who could handle Plaintiff's matter competently. For example, Wesley Woolf, another of Plaintiff's attorneys, handles FLSA matters on behalf of Plaintiffs in the Savannah area, and charges only a $350 hourly rate. Although Mr. Woolf attests that he typically handles less complex matters, the Court finds, in light of its experience handling FLSA matters, that experienced employment law attorneys in smaller communities, such as Mr. Woolf, would be able to prosecute Plaintiff's case competently. Accordingly, the relevant legal market is Savannah because competent counsel can, and was, obtained there.[1]

Based on Mr. Woolf's affidavit, and its own knowledge and experience, the Court finds Mr. Woolf's $350 hourly rate reasonable in Savannah, Georgia. (Doc. 33-2 ¶ 10). As a result, the Court finds the hourly rates Mr. Bridgers and Mr. Herrington request, of $435 and $390 not reasonable because they do not reflect the prevailing market rate in the relevant legal community.[2] The Court, therefore, reduces Mr. Herrington's hourly rate to $350 which reflects

---

[1] Even taking, for the sake of argument, that the relevant legal market is Atlanta, the Court is skeptical that the rates requested by Mr. Bridgers and Mr. Herrington reflect a reasonable market rate for that market. A review of this Court's recent cases reveal that their requested rates are substantially higher than the Court has found reasonable for Atlanta attorneys in FLSA cases. *Reams v. Michael Angelo Restaurant, Inc.*, No. 7:19-cv-53, 2019 WL 6898656, at *4 (M.D. Ga. Dec. 18, 2019) (finding an Atlanta attorney's $300 hourly rate reasonable in the Valdosta Division); *Lyles v. Burt's Butcher Shoppe & Foods Inc.*, No. 5:17-cv-102 (CAR), 2018 WL 4915484, at *2 (M.D. Ga. Oct. 17, 2011) (finding Atlanta counsel's $300 hourly rate reasonable in the Columbus Division); *cf. Rumph v. Jones Septic Tank*, No. 7:19-cv-85, 2021 WL 1044423, at *3 (M.D. Ga. Feb. 2, 2021) (finding a $450 hourly rate to be well above the reasonable rate in the Valdosta Division); *Bullard v. 4D Foods, Inc.*, No. 5:17-cv-102(AR), 2018 WL 7360630, at *2 (M.D. Ga. Jan. 24, 2018) (finding a non-local counsel's $350 hourly rate "high" in an FLSA case filed in the Valdosta Division).

[2] To support her argument that Mr. Bridgers and Mr. Herrington should be compensated at their Atlanta rates, Plaintiff relies heavily on a case decided in the Northen District of Georgia: Rome Division awarding Mr. Bridgers and Mr. Herrington similar non-local rates in an FLSA case. (Doc. 33 at 4) (citing *Spurlock v. Complete Cash Holdings, LLC*, 540 F.Supp.3d 1201, 1201 (N.D. Ga. 2021)). The Court finds *Spurlock* distinguishable for two reasons. First, the *Spurlock* court determined the reasonableness of Mr. Bridgers and

a reasonable hourly rate for the local market for attorneys, taking into account his skills, experience, and reputation. The Court only reduces Mr. Bridgers rate to $390, which reflects a reasonable hourly rate given his greater experience, time practicing, and expertise,

      b.     **Reasonable Paralegal Hourly Rate**

Plaintiff also seeks reimbursement for the work of a paralegal on her behalf, Jessica Sorrenti, who charged a $170 hourly rate. (Doc. 33-1 at 9). Ms. Sorenti has approximately 15 years' experience as a paralegal. (*Id.*) Services of paralegals, like attorneys, are compensable at market rates. *Weissman v. Williams*, No. 1:15-CV-40 (WLS), 2018 WL 9439689, at *3 (M.D. Ga. Aug. 28, 2018) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288–89 (1988)). As noted, the relevant legal market for determining a reasonable hourly rate for Ms. Sorenti. The Court's review of decisions in Savannah reveals that Ms. Sorrenti's $170 hourly rate far exceeds the reasonable market rate for experienced paralegals in Savannah. *Holton v. Saul*, No. CV417-199, 2019 WL 6040184, at *1–2 (S.D. Ga. Nov. 13, 2019) (finding a $100 hourly rate not reasonable for a paralegal in the Savannah market and reducing the rate to $75); *Munoz v. Diaz*, No. 4:22-cv-9, 2023 WL 139732, at *7 (S.D. Ga. Jan. 9, 2023) (finding a $205 hourly rate for an experienced paralegal in the Savannah market not reasonable and reducing the rate to $125); *Martin v. Kijakazi*, No. CV419-340, 2022 WL 1572252, at *2–3 (S.D. Ga. April 27, 2022) (finding a $101.25 hourly rate not reasonable for a paralegal in the Savannah market and reducing the rate to $75); *Milie v. City of Savannah*, 2020 WL 4041118, at *6 (S.D. Ga. Jul. 16, 2020) (finding a $125 hourly rate not reasonable for a paralegal in the Savannah market and reducing the rate to $95). Accordingly, the Court finds Ms. Sorrenti's $175 hourly rate not reasonable, and, as a result, reduces her hourly rate to $100, which the Court finds to be reasonable given her substantial experience.

---

Mr. Herrington's hourly rates at the district level, rather than the divisional level, and, because both Atlanta and Rome are in the Northen District of Georgia, the *Spurlock* court found it reasonable to apply rates from the Atlanta market in Rome. Here, however, Plaintiff asks the Court to apply Northen District rates in a division of the Middle District, which, as a result, presents a different issue than the one the Court addressed in *Spurlock*. Second, the court in *Spurlock* found that the complexity of the case, one that was more complex than Plaintiff's case owing to its multiple plaintiffs and parties, justified the rates of a particularly experienced FLSA attorney. Here, however, the Court finds that Plaintiff's matter is less complex, and, therefore, attorneys outside of the Atlanta market would be able to handle it competently.

### B. Reasonable Hours Expended

Defendants do not dispute the reasonableness of the number of hours worked on behalf of Plaintiff. (Doc. 36). The Court, however, must still exercise its independent judgment when reviewing a claim for hours expended. *See Norman*, 836 F.2d at 1301–02. Accordingly, the Court has independently reviewed the time and billing records and finds that the number of hours Plaintiff's counsel claim they expended are justified and supported by those records. (Doc. 33-1 at 1–63). The Court, therefore, finds that the number of hours expended on behalf of Plaintiff reasonable.

### C. Departure from the Lodestar

Defendant's brief leaves the Court somewhat unclear on whether Defendants actually argue that the Court should depart downward from the Lodestar rate. (*See* Doc. 36). However, their brief does invoke some of the factors which might justify a downward departure, specifically, Defendants argue that "there were no novel, complex, or difficult issues of law, and the amount of damages claimed by and awarded to Plaintiff was not substantial." (Doc. 36 at 4). A district court may adjust the Lodestar rate based on a number of factors announced in *Johnson v. Georgia Highway Express*. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 717, 717–19 (5th Cir. 1974)).[3] However, having considered the factors set out in *Johnson* the Court finds that no departure, either upward or downward, is warranted in this case.

## III. CONCLUSION

In sum, applying the Lodestar approach the Court finds that the hourly rate charged by Mr. Bridgers, Mr. Herrington, and Ms. Sorrenti to be not reasonable, and, therefore, reduces Mr. Bridgers rate to $390, Mr. Herrington's rate to $350 and Ms. Sorrenti's rate to $100. The Court finds Plaintiff's litigation expense request of $2,039.43 reasonable and approves all other

---

[3] The factors are (1) the time and labor required; (2) the novelty or difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 719 (5th Cir. 1974).

aspects of Plaintiff's fee request. Accordingly, the Court calculates Plaintiff's fees as follows (changes underlined):

| Name | Title | Market | Hourly Rate | Hours | Total |
|---|---|---|---|---|---|
| Charles R. Bridgers | Managing Member | Atlanta, Ga | $390 | 11.45 | $4465.50 |
| Matthew Herrington | Senior Associate | Atlanta, Ga | $350 | 88.96 | $31,136.00 |
| Jessica Sorrenti | Senior Paralegal | Atlanta, Ga | $100 | 6.91 | $691.00 |
| S. Wesley Woolf | Solo Practitioner | Savannah, Ga | $350 | 31 | $10,850.00 |
| | | | | | $47,142.50 |

Therefore, when the Court includes $2,039.43 in litigation expenses, the total sum owed by Defendants comes to **$49,181.93.** As such, Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 33) is **GRANTED-IN-PART** and **DENIED-IN-PART**, Defendants are hereby **ORDERED** to remit to Plaintiff **within thirty days** of the entry of this Order **$49,181.93**. The Court **ORDERS** that Plaintiff's claim for attorneys' fees and litigation expenses under 29 U.S.C. § 216(b) be **DISMISSED WITH PREJUDICE**, upon notice of payment of the full settlement amount and the full amount of Attorneys' Fees and Costs to Plaintiff. Upon such notice, Plaintiffs' entire Complaint (Doc. 1) shall be **DISMISSED WITH PREJUDICE**, as there will be no claims remaining in the above-captioned action.

**SO ORDERED**, this 12th day of January 2024.

        **/s/ W. Louis Sands**
        **W. LOUIS SANDS, SR. JUDGE**
        **UNITED STATES DISTRICT COURT**